**MID–ATLANTIC BUILDING SYSTEMS COUNCIL, A DIVISION OF THE PENNSYLVANIA BUILDERS ASSOCIATION, INC., Plaintiff–Appellant,**

v.

**Emil H. FRANKEL, Commissioner, Connecticut Department of Transportation, Defendant–Appellee.**

No. 898, Docket 93–7857.

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1994.

Decided Feb. 22, 1994.

Christopher P. DeMarco, Hamden, CT (Farver & DeMarco, Hamden, CT, of counsel), for Plaintiff–Appellant.

Robert T. Morrin, Assistant Attorney General, State of Connecticut, Hartford, CT (Richard Blumenthal, Attorney General, of counsel), for Defendant–Appellee.

Before: TIMBERS, VAN GRAAFEILAND, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Mid–Atlantic Building Systems Council, Inc. ("Mid–Atlantic") appeals a decision of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge* ), dismissing its petition to enjoin the Connecticut Department of Transportation ("CDOT") from enforcing oversized trailer restrictions because they violate the commerce clause. We reverse.

## I.

Mid–Atlantic is an association of Pennsylvania modular home builders. The builders transport these homes from their Pennsylvania factories to buyers by means of trailers—nonmotorized platforms with rubber tires—pulled by trucks. Because modular homes are of considerable size, the builders must often use trailers as long as 60 feet. The builders sell many modular homes to buyers in New England, requiring the trailers to travel through Connecticut.

Connecticut law prohibits trailers longer than 48 feet from traversing its roads without a permit. Conn.Gen.Stat. § 14–262(a)(1), (b). The Connecticut legislature has authorized the state Department of Transportation ("CDOT") to issue the required permits and to place conditions on travel by permitted vehicles. *See id.* § 14–270(a). CDOT allows these trailers to travel state roads when laden with cargo; however, when empty, the trailers must either ride "piggyback" on the bed of a 48–foot trailer, or, if collapsible, be

reduced to a length of 48 feet. Connecticut is the only northeastern state that imposes these restrictions.

Mid–Atlantic petitioned the district court to enjoin CDOT from enforcing its permit restrictions on the ground that they violate the commerce clause of Article I, section 8 of the United States Constitution. Mid–Atlantic argued that, since Congress has not granted the states unlimited power to regulate oversized trailers, CDOT's restrictions must be examined to see whether they unduly burden interstate commerce. Mid–Atlantic contended that the restrictions do impose such a burden, and are therefore unconstitutional.

CDOT opposed Mid–Atlantic's petition, arguing that its regulations are specifically authorized by the federal Surface Transportation Assistance Act ("STAA"). 49 U.S.C.App. § 2311(a). That section prohibits states from setting trailer length limits less than 48 feet. Alternatively, CDOT argued that even if the STAA did not authorize the states to regulate trailers longer than 48 feet, the regulations promoted highway safety and did not unduly burden commerce.

After a two-day bench trial, the district court entered judgment for CDOT and dismissed Mid–Atlantic's complaint. The district court held that the STAA implicitly gave the states unrestricted authorization to regulate trailers longer than 48 feet. Otherwise, the court reasoned, Congress's intent to standardize highway travel would be thwarted. Having found that Congress authorized state regulation in this area, the court found it unnecessary to determine whether CDOT's regulations unduly burdened interstate commerce.

Mid–Atlantic appeals.

## II.

■ Congress has the power to regulate interstate commerce. U.S. Const. art. I, § 8. In its discretion, however, Congress may delegate to the states the authority to regulate a field of commerce. *Lewis v. BT Inv. Managers, Inc.,* 447 U.S. 27, 44, 100 S.Ct. 2009, 2019, 64 L.Ed.2d 702 (1980). When Congress has plainly and specifically delegated such power to the states, state regulations within the scope of that delegation are invulnerable to constitutional challenge. *Northeast Bancorp, Inc. v. Board of Governors, Inc.,* 472 U.S. 159, 174, 105 S.Ct. 2545, 2553, 86 L.Ed.2d 112 (1985); *White v. Massachusetts Council of Constr. Employers,* 460 U.S. 204, 213, 103 S.Ct. 1042, 1047, 75 L.Ed.2d 1 (1983). Alternatively, if a state regulates a field of commerce in which Congress has not acted, courts will uphold the regulation if it does not unduly burden interstate commerce. *See, e.g., City of Philadelphia v. New Jersey,* 437 U.S. 617, 623–24, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978).

■ A state regulation unduly burdens commerce if (1) it intentionally benefits local businesses at the expense of out-of-state businesses, or (2) its burdens on interstate commerce outweigh its legitimate local benefits. *Hughes v. Oklahoma,* 441 U.S. 322, 331, 99 S.Ct. 1727, 1733, 60 L.Ed.2d 250 (1979). Traditionally, legitimate local benefits have included health, safety, and welfare. *See, e.g., City of Philadelphia,* 437 U.S. at 624, 98 S.Ct. at 2535.

■ The STAA states, in relevant part, that "no State shall establish, maintain, or enforce any regulation of commerce which imposes a vehicle length limitation of less than forty-eight feet on the length of [a] semitrailer unit" on any federal highway. 49 U.S.C.App. § 2311(a). We read this language to prohibit the states from restricting travel by trailers that are 48 feet or shorter. We disagree with the district court's conclusion that the STAA implicitly gives the states plenary authority to regulate trailers longer than 48 feet. If Congress had intended the states to have complete dominion over these oversized trailers, it could have so specified; we decline to imply a delegation from congressional silence. *See generally White,* 460 U.S. at 213, 103 S.Ct. at 1047 (state regulations on commerce are valid when specifically authorized by Congress).

Instead, by not addressing trailers longer than 48 feet, we believe Congress intended that state regulations of these trailers should not impose an undue burden on commerce. Thus, we reverse the district court's holding

that the STAA authorized CDOT's regulations.

■ Because the STAA does not grant the states unfettered power to restrict travel by trailers over 48 feet in length, the next step in the analysis is to determine whether CDOT's permit restrictions unduly burden commerce. No one suggests that CDOT's restrictions protect Connecticut businesses at the expense of foreign businesses. Rather, Mid–Atlantic contends that the restrictions burden commerce more than they promote health and safety concerns.

The undue burden analysis requires a fact-intensive balancing of commercial hardships against health and safety benefits, which the district court is better suited to apply than we. *See, e.g., Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir.1993); *National Solid Wastes Mgmt. Assoc. v. Killian,* 918 F.2d 671, 685 (7th Cir.1990), *aff'd sub nom. Gade v. National Solid Wastes Mgmt. Assoc.,* —— U.S. ——, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Accordingly, we remand to the district court with instructions to determine whether CDOT's regulations unduly burden commerce.